IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERTO VEGA-PABON,  :  | |
|     Plaintiff,   : | |
| : | |
| v.   : | CIVIL ACTION NO. 21-CV-4802 |
| : | |
| JAMES CONNELL, *et al.*,   : | |
|     Defendants.   : | |

**MEMORANDUM**

**SCHMEHL, J. /s/ JLS**                                                                             **NOVEMBER 23, 2021**

      Plaintiff Berto Vega-Pabon, a prisoner incarcerated at the Northampton County Jail, brings this civil action pursuant to 42 U.S.C. § 1983 against James Connell, an Assistant Public Defender, and Nuria DiLuzio, Chief Public Defender for Northampton County. Vega-Pabon seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Vega-Pabon leave to proceed *in forma pauperis* and dismiss the Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**I.    FACTUAL ALLEGATIONS**

      After a jury trial in the Northampton County Court of Common Pleas, Vega-Pabon was found guilty of various criminal violations pertaining to children and later sentenced to several terms of imprisonment. *Commonwealth v. Vega-Pabon*, CP-48-CR-0002265-2020, CP-48-CR-0000444-2019, CP-48-CR-0000443-2019, CP-48-CR-0000442-2019, CP-48-CR-0000441-2019, CP-48-CR-0000440-2019, CP-48-CR-0000439-2019, CP-48-CR-0000438-2019 (Northampton C.P.). In the instant Complaint, Vega-Pabon alleges that Connell, who represented him at trial, was ineffective in his representation by failing to "do anything on [Vega-Pabon's] behalf" or

"cross examine any witnesses." (ECF No. 2 at 5; ECF No. 2-1 at 5.)[1] As a result, Vega-Pabon alleges he was deprived of a "fair trial." (ECF No. 2 at 3-4.) He also indicates that he asked Connell to file an appeal on his behalf, but Connell refused. (ECF No. 2-1 at 5.) Vega-Pabon does not raise any specific allegations against DiLuzio and appears to have included her as a Defendant solely by virtue of her position as Chief Public Defender. He seeks $19,000 in damages from the Defendants as a result of the alleged violation of his rights. (ECF No. 2 at 5.)

## II.     STANDARD OF REVIEW

Vega-Pabon is granted leave to proceed *in forma pauperis* because it appears that he is unable to pay the costs of filing suit.[2] As Vega-Pabon is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Vega-Pabon is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

Vega-Pabon brings constitutional claims against his defense attorney and the Chief Public Defender pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] However, as Vega-Pabon is a prisoner, he will be obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

*West v. Atkins*, 487 U.S. 42, 48 (1988). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted); *see also Beaver v. Union Cty. Pa.*, 619 F. App'x 80, 83 (3d Cir. 2015) (*per curiam*) ("Beaver did not state a claim against either of the public defenders because they were not state actors for purposes of § 1983."); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). As there is no basis for concluding that the Defendants are state actors, they are not subject to liability under § 1983 and Vega-Pabon's claims against them are not plausible.[3]

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Vega-Pabon leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[4] Vega-Pabon will not be given leave to file an amended complaint because he cannot cure the defects in his claims. An Order follows.

                                              **BY THE COURT:**

                                              **/s/ Jeffrey L. Schmehl**
                                              **JEFFREY L. SCHMEHL, J.**

---

[3] The Complaint also fails to adequately allege DiLuzio's personal involvement in the claimed constitutional violations as is required to state a claim against her. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (explaining that, to be individually liable, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs").

[4] The Complaint is clearly pled as a civil rights case, so the Court does not construe it as raising state law claims. In any event, there is no apparent basis for jurisdiction over any state law claims since the Complaint does not allege that the parties are diverse and seeks damages in the amount of $19,000. *See* 28 U.S.C. § 1332(a).